OPINION
Appellant William Shelton appeals a judgment of the Stark County Court of Common Pleas, overruling his motion for modification of sentence:
 "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO MAKE A DETERMINATION AND JUDGMENT UNDER THE RULES OF FACTS AND CONCLUSIONS OF LAW SET FORTH IN OHIO REVISED CODE 2505.01.
 "II. THE APPELLANT WAS DENIED HIS RIGHT TO THE DUE PROCESS OF LAW AND THE EFFECTIVE ASSISTANCE OF COUNSEL AS SET FORTH IN ARTICLE I § 10 AND ARTICLE I
§ 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE TRIAL COURT MADE A DETERMINATION CONTRARY TO LAW.
 "III. THE APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW AS SET FORTH IN ARTICLE I § 10 AND ARTICLE I § 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE TRIAL COURT MADE A DETERMINATION CONTRARY TO LAW."
In January of 1993, appellant was indicted by the Stark County Grand Jury with one count of felonious assault. Appellant entered a plea of guilty, and was sentenced to an indeterminate term of incarceration of three to fifteen years. Approximately fourteen months later, the court granted his motion for super shock probation pursuant to R.C. 2947.061
(B), and placed him on probation for three years.
After sixteen months of probation, appellant's probation was revoked by the trial court, and his original sentence was re-imposed with credit for time served.
In November of 2001, appellant filed a motion for modification of sentence. Appellant sought to be re-sentenced due to subsequent changes in the parole board guidelines. Appellant alleged that due to these changes, he received a far longer sentence than that which was contemplated by appellant and the prosecution, as well as court, at the time of his original sentencing. The court summarily overruled the motion, finding that upon full review, the court found the motion not well taken.
 I
Appellant first argues that the court erred in failing to set forth findings of fact and conclusions of law as required in R.C. 2505.01.
Appellant's reliance on R.C. 2505.01 is misplaced. That statute is merely a definitional statute, setting forth definitions for use in R.C. Chapter 2505.
The court was under no obligation to provide findings of fact and conclusions of law on a judgment overruling the motion to modify sentence.
The first assignment of error is overruled.
 II
Appellant argues that he was denied effective assistance of counsel in that his trial counsel did not prepare his case, advised him incorrectly about the facts of the case, and misrepresented his options, apparently in an effort to secure a guilty plea.
This claim is not properly before the court as a result of an appeal from a judgment on a motion to modify sentence. Ineffective assistance of counsel in connection with the entering of the plea should have been raised either on direct appeal from the judgment of conviction and sentence, through a motion to withdraw the plea of guilty, or through a properly supported post-conviction relief petition.
The second assignment of error is overruled.
 III
Appellant argues that the court's decision overruling his motion is contrary to law.
There is currently a split in authority in Ohio on the issue of whether a criminal defendant can challenge the legality of parole eligibility determinations on the basis that the change in guidelines constitutes a breach of a plea agreement. The issue is currently pending before the Ohio Supreme Court.
However, the proper method to challenge the action of the parole authority is by way of a civil action against the Ohio Adult Parole Authority and the prosecutor, not by a motion filed in the criminal case. In State v. Tinsley (January 26, 2001), Richland Appellate No. 00CA-86, the defendant raised the issue appellant now raises by a motion to enforce the plea agreement, filed in the criminal action in which he was charged and convicted. We held that since no civil complaint was filed against the proper parties, the action was not properly commenced.
Similarly, in the instant case, appellant did not properly commence the action. Appellant's proper remedy is by civil suit against the Parole Authority and the prosecutor, not requesting the court to modify the sentence in his underlying criminal case.
The third assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By GWIN, J. HOFFMAN, P.J., and WISE, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.